IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  21-779

MILTON AL STEWART, ACTING SECRETARY OF LABOR,
UNITED STATES DEPARTMENT OF LABOR,

    Plaintiff,

v.

CHAVEZ CONSTRUCTION, INC., a Colorado corporation,
ISABEL CHAVEZ, individually, and
RIGOBERTO CHAVEZ, individually,

    Defendants.

_____

# COMPLAINT
_____

Milton Al Stewart, Acting Secretary of Labor for the United States Department of Labor, brings this action to enjoin Defendants from violating the provisions of sections 6, 7, 11, and 15 of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. §§ 206, 207, 211 & 215, and to restrain Defendants from withholding payment of minimum wage and overtime compensation due Defendants' employees, named in Exhibit 1, for the period of time between March 5, 2017, to the date of judgment, together with an equal additional amount as liquidated damages.

## THE PARTIES

1.    Plaintiff Milton Al Stewart is the Acting Secretary of Labor for the United States Department of Labor, and is authorized to enforce the provisions of the FLSA, and to recover back

1

wages, liquidated damages, and to seek injunctive relief on behalf of employees employed in violation of the minimum wage, overtime, and record keeping provisions of the FLSA. 29 U.S.C. §§ 206, 207, 211(c), 215(a)(2), 215(a)(5), and 217.

2.  Defendant Chavez Construction, Inc. ("Chavez Construction") is a Colorado corporation that operates a civil construction company in the Denver metropolitan area, within the jurisdiction of this Court.

3.  Defendant Isabel Chavez, an individual, resides in Colorado, within the jurisdiction of this Court, and at all times hereinafter mentioned was a 51% owner of Chavez Construction. Isabel Chavez acts directly or indirectly in the interest of Chavez Construction in relation to its employees by setting policies and procedures, making hiring, firing, discipline and compensation decisions, and managing the day-to-day operations of the company. Isabel Chavez is an employer as defined in section 3(d) of the FLSA, 29 U.S.C. § 203(d).

4.  Defendant Rigoberto Chavez, an individual, resides in Colorado, within the jurisdiction of this Court, and at all times hereinafter mentioned was a 49% owner of Chavez Construction. Rigoberto Chavez acts directly or indirectly in the interest of Chavez Construction in relation to its employees by setting policies and procedures, making hiring, firing, discipline and compensation decisions, and managing the day-to-day operations of the company. Rigoberto Chavez is an employer as defined in section 3(d) of the FLSA, 29 U.S.C. § 203(d).

**JURISDICTION AND VENUE**

5.  Jurisdiction of this action is conferred upon the Court by sections 16 and 17 of the FLSA, 29 U.S.C. §§ 216, 217, and by 28 U.S.C. §§ 1331 and 1345.

6.  The Court may exercise personal jurisdiction over Defendants. The individual

Defendants reside in this Judicial District. The corporate Defendant operates a civil construction company in this Judicial District and has its principal place of business in Colorado.

7. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391 insofar as the individual Defendants reside in this Judicial District and the corporate Defendant operates a civil construction company in this Judicial District.

## FLSA STATUTORY COVERAGE

8. At all times hereinafter mentioned, Chavez Construction and Isabela and Rigoberto Chavez (collectively "Defendants") have been an enterprise within the meaning of section 3(r) of the FLSA, 29 U.S.C. § 203(r), in that Defendants have been, through unified operation or common control, engaged in the performance of related activities for a common business purpose.

9. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1)(A) of the FLSA, 29 U.S.C. § 203(s)(1)(A), in that they have employees engaged in commerce or in the production of goods for commerce, and employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that they have an annual gross volume of sales made or business done of not less than $500,000.

## BACKGROUND

10. Once in 2012, and twice in 2018, Plaintiff initiated conciliations with Defendants after they refused to remit final paychecks owed to departing employees. Defendants failed to pay the conciliations and generally refused to cooperate with Plaintiff. For all three instances, Plaintiff provided Defendants with information about and discussed the requirements of the FLSA.

11. Plaintiff opened the investigation of Chavez Construction, which is the subject of

this lawsuit, in February 2019.

## MINIMUM WAGE VIOLATIONS

12. Defendants willfully violated the provisions of sections 6 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206, 215(a)(2) by employing certain of their employees in an enterprise engaged in commerce without compensating said employees' wages at rates not less than the federal minimum wage. Defendants failed to pay the last paychecks owed to at least three employees for hours worked that resulted in the minimum wage violations.

13. Defendants' violations of the minimum wage requirements of the FLSA were willful. Defendants knowingly withheld the final paychecks from the departing employees. Plaintiff had explained to Defendants the FLSA's requirements, including Defendants' obligation to comply with the FLSA's minimum wage provisions, during the three conciliations referenced in paragraph 10 that also involved withholding of final paychecks from departing employees. Under 29 U.S.C. § 255(a), a three-year statute of limitations period applies due to the willful nature of the violations.

## OVERTIME VIOLATIONS

14. Defendants willfully violated the provisions of sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207, 215(a)(2) by employing certain of their employees in an enterprise engaged in commerce without compensating said employees overtime wages for hours worked in excess of forty (40) hours in a workweek. Defendants violated the FLSA's overtime provisions by: (i) paying employees a daily flat rate without regard to hours worked over 40 in a workweek; (ii) misclassifying employees as independent contractors and paying straight time for overtime hours worked; and (iii) misclassifying at least one non-exempt employee as exempt and failing to pay

for overtime hours worked. These practices resulted in underpayments of overtime.

15. Defendants' violation of the overtime requirements of the FLSA was willful. Plaintiff explained to Defendants the FLSA's requirements, including Defendants' obligation to comply with the FLSA's overtime provisions, during the three conciliations referenced in paragraph 10. Defendants knowingly and willfully refused to pay overtime for hours worked over 40 in a workweek. Under 29 U.S.C. § 255(a), a three-year statute of limitations period applies due to the willful nature of the violations.

## RECORD KEEPING VIOLATIONS

16. Defendants, employers subject to the provisions of the FLSA, willfully violated the provisions of sections 11(c) and 15(a)(5) of the FLSA in that they failed to make, keep, and preserve adequate and accurate records of employees and the wages, hours and other conditions and practices of employment maintained by them as prescribed by regulations duly issued pursuant to authority granted in the FLSA and found in 29 C.F.R. Part 516. Specifically, Defendants failed to make, keep or preserve accurate records of hours worked by employees misclassified as independent contractors or misclassified as exempt. In addition, Defendants failed to maintain accurate records with employee contact information.

17. As a result of the violations alleged above, unpaid minimum wage and overtime compensation is owing from Defendants to certain of Defendants' present and former employees including but not limited to those persons specifically named in Exhibit 1, and incorporated herein by reference from March 5, 2017 thru April 22, 2019.

18. Inasmuch as the violations continued after Plaintiff's investigation, additional amounts for unpaid minimum wage and overtime compensation accruing for certain of these

employees and for employees who are currently not known to Plaintiff in amounts unknown to Plaintiff from April 22, 2019 to the present.

19. An order enjoining the alleged violations and restraining the withholding of unpaid minimum wage and overtime compensation found to be due the employees is specifically authorized by section 17 of the FLSA, 29 U.S.C. § 217. A judgment for liquidated damages, in an amount equal to the unpaid minimum wage and overtime compensation, is specifically authorized by section 16 of the FLSA, 29 U.S.C. § 216(c).

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

A. For an order pursuant to section 17 of the FLSA permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants, from violating sections 6, 7, 11(c), 15(a)(2), and 15(a)(5) of the FLSA;

B. For an order pursuant to section 16(c) of the FLSA requiring Defendants to pay Plaintiff a sum equal to the unpaid minimum wage and overtime compensation due Defendants' employees for the periods from March 5, 2017 to April 22, 2019; and such additional amounts as may be found by this Court to be due for the period from April 22, 2019, until the date of judgment; and for equal additional amounts as liquidated damages;

C. In the event liquidated damages are not awarded, an order pursuant to section 17 enjoining and restraining Defendants from withholding payment of unpaid minimum wage and overtime compensation due Defendants' employees and pre-judgment interest computed at the underpayment rate established by the Secretary of Treasury pursuant to 26 U.S.C. § 6621;

D. A monetary award to Plaintiff for the costs of this action; and

      E.      Such other and further relief as this Court deems just and appropriate.

Dated this 16th day of March, 2021.

           Respectfully submitted,

           Elena S. Goldstein, Deputy Solicitor of Labor
           John Rainwater, Regional Solicitor
           Lydia Tzagoloff, Associate Regional Solicitor
           Tyler P. McLeod, Counsel for Wage and Hour

           s/ Karen E. Bobela
           **Karen E. Bobela**
           Senior Trial Attorney
           United States Department of Labor
           1244 Speer Boulevard, Suite 515
           Denver, CO 80204
           Telephone: (303) 844-0963
           E-mail: Bobela.Karen.E@dol.gov
           Attorneys for Plaintiff

# **EXHIBIT 1**

1. Luis Acosta
2. Jorge Aguina
3. Aliya Alley
4. Cesar Alvarez
5. Delila Apodaca
6. Ashton Applehans
7. Hector Benitez Castro
8. Eli Chavez
9. Jose Chavez
10. Juan Antonio Chavez
11. Kevin Chavez
12. Jose Nieves Esquivel Delgadillo
13. Ruben Esquivel Delgadillo
14. Trinidad Esquivel Delgadillo
15. Danielle Marie Garcia
16. Barbara Geer
17. Jesus M. Gutierrez
18. Rogelio Hernandez
19. Lorenzo Hernandez Roldan
20. Jain Shilpa
21. Rena Johnson
22. Laurie Kiehn
23. Jennifer Lopez
24. Jesus Loya
25. Paul D. Martinez
26. Kristy L. Miller
27. Tito Montelongo
28. Claudia Morales
29. Richard Stephen Murphy
30. Lincoln Nickerson
31. Rosa Paredes
32. Luis Pena
33. Marisela J. Perez
34. Laney N. Quintana
35. Peggy Quintana
36. Diego Rico
37. Joe Rodriguez
38. Maria Elena Ronquillo
39. Jeannie Tarin
40. Jorge Vargas Chapparo
41. Alejandra Velazquez