**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.  21-cv-00779-RM-NRN

MARTIN J. WALSH,
SECRETARY OF LABOR,
UNITED STATES DEPARTMENT OF LABOR,

    Plaintiff,

v.

CHAVEZ CONSTRUCTION, INC., a Colorado corporation,
ISABEL CHAVEZ, individually, and
RIGOBERTO CHAVEZ, individually,

    Defendants.

---

**MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDED DISPOSITION TO GRANT DEFAULT JUDGMENT AS A SANCTION FOR DEFENDANTS' CIVIL CONTEMPT AND FAILURE TO APPEAR FOR DEPOSITIONS**

---

**A.   Background**

1.   On March 16, 2021, Plaintiff filed the Complaint (Dkt. #1) in this matter alleging violations of the Fair Labor Standards Act ("FLSA") and seeking back wages and liquidated damages owed to employees by Defendants Chavez Construction, Inc. ("Chavez") and its owners and operators, Isabel Chavez and Rigoberto Chavez, husband and wife, as well as injunctive relief. The Court entered the Scheduling Order (Dkt. #18) on June 3, 2021, imposing a discovery cut-off date of December 1, 2021, and a dispositive motion deadline of January 14, 2022.

2.   Plaintiff served written discovery requests to Defendants on June 25, 2021. Defendants' responses were due on July 26, 2021. On August 9, 2021, Defendants produced incomplete responses to interrogatories and requests for admission; and they produced a single

document identified as an employee handbook in response to 11 requests for production of documents requesting employee timesheets, payroll records, and other business records spanning the time period between March 7, 2017, to the present. *See* Dkt. #24. Plaintiff sent a deficiency letter to Defendants' former counsel, Greg Eurich, asking Defendants to cure their incomplete discovery responses by September 20, 2021. *See* Doc. #24-2. Plaintiff did not receive a response.

3. In addition, Plaintiff emailed Mr. Eurich on July 21, 2021 seeking dates in August to depose Isabel and Rigoberto, along with their son David Chavez, who is employed by Chavez. Mr. Eurich responded that Ms. Chavez is "medically disabled and couldn't possibly sit for a day long deposition" and that he would "learn more about her current medical condition in the next few days, but it doesn't look good in the foreseeable future." *See* Dkt. #24-3. On August 20, 2021, Plaintiff emailed Mr. Eurich again asking for dates to depose Rigoberto and David Chavez, and requesting documentation from Ms. Chavez' medical provider regarding her alleged incapacitation. Dkt. #24-4. Plaintiff also requested the deposition of Jennifer Lopez, Chavez' administrative assistant who assisted in responding to Plaintiff's written discovery requests, in light of Ms. Chavez' alleged unavailability. *Id.*

4. On August 24, 2021, the undersigned emailed Mr. Eurich suggesting that the three depositions be noticed for September 21-22, 2021, and again requesting documentation from Ms. Chavez' medical provider about her alleged inability to attend a deposition. Dkt. #24-5. Mr. Eurich agreed to these dates, and on August 27, 2021, Plaintiff served formal deposition notices. Dkt. #24-6.

5. On September 8, 2021, Plaintiff again emailed Mr. Eurich to follow up about the status of Ms. Chavez and whether she would be available for her deposition. Dkt. #24-7.

6. On September 20, 2021, Mr. Eurich informed Plaintiff that his clients would not be

attending the depositions scheduled and properly noticed for September 21-22, 2021, and that he also would not be appearing on their behalf. Dkt. #24-8.

7.     On September 21, 2021, Mr. Eurich filed a Motion to Withdraw as Counsel of Record (Dkt. #22), and Plaintiff filed a motion to compel testimony and written discovery (Dkt. #24). The Court scheduled a Status Conference for October 12 and specifically ordered Isabel and Rigoberto Chavez to appear. *See* Dkt. #26 (Minute Order).

8.     Isabel and Rigoberto Chavez failed to appear at the October 12, 2021 Status Conference.[1] The Court heard arguments by counsel related to the motions. Mr. Eurich explained that he has never had direct contact with either Isabel or Rigoberto Chavez and that he was unable to represent Defendants without any meaningful contact with them. In addition, he noted that David Chavez failed to appear at a scheduled meeting to prepare for his deposition and he could not get any assurances from his clients that they would appear for their depositions. He described his involvement with Defendants as "the most frustrating experience" he has had in over 50 years of practicing law.

9.     The Court granted Mr. Eurich's motion to withdraw as counsel and ordered Defendants to produce medical records to Plaintiff's counsel by the end of the day, and to obtain new counsel by November 2, 2021. *See* Dkt. #27.

10.    The Court also granted Plaintiff's motion to compel—finding that "Defendants have stymied Plaintiff's efforts to engage in discovery"—and ordered Defendants to: (a) appear for deposition testimony on November 16-17, 2021; and (b) cure all of the deficiencies in their

---

[1] Jennifer Lopez, the purported administrative assistant for Chavez Construction, appeared in Defendants' absence. However, Ms. Lopez is not an attorney and she is not authorized to practice law in this District. Ms. Lopez was largely inaudible and she stated that she was not authorized to speak on behalf of Defendants. Ms. Chavez did not introduce herself or make an appearance at the Status Conference, which was held via teleconference.

discovery responses, including the production of documents, by November 9, 2021. *See* Doc. 28. Plaintiff subsequently noticed depositions for Ms. Chavez, Mr. Chavez, and a Rule 30(b)(6) deposition for the corporate Defendant.

11. Following Defendants' failure to obtain new counsel by November 2, 2021 and to cure discovery deficiencies by November 9, 2021, Plaintiff filed a motion for order to show cause why Defendants should not be sanctioned for failing to comply with the Court's orders. *See* Dkt. #29. Plaintiff also asked the Court to stay the November 16–17, 2021 deposition deadline on the basis that it would be inefficient and potentially prejudicial for Plaintiff to proceed with the depositions without first receiving Defendants' complete discovery responses, including the production of business records that bear directly on the claims brought against Defendants. The Court denied the motion without prejudice as premature, finding that "if Defendants do not appear for their scheduled depositions, then there will be no question that an Order to Show Cause should enter." *See* Dkt. #32.

12. On November 15, 2021, Jennifer Lopez—Chavez' administrative assistant who is not an attorney—attempted to file motions for extension of time to file an answer. *See* Docs. 33–34. The Court denied the motions as moot and untimely (as well as not signed by the parties who are appearing pro se). *See* Dkt. #36. The Court also reminded Defendants that they have been ordered to appear for depositions and their failure to do so may subject them to being held in contempt of Court. *Id*.

13. Despite the Court's orders, Defendants failed to appear for their depositions on November 16–17. Plaintiff renewed his motion for order to show cause based on Defendants' failure to retain counsel by November 2, 2021, failure to cure discovery deficiencies by November 9, 2021, and failure to appear for their depositions. *See* Dkt. #37. The Court granted the motion

and ordered Defendants to appear for a hearing on December 17, 2021, to show cause why they should not be held in civil contempt for failing to abide by the Court's orders. *See* Dkt. #39. The Court also ordered Defendants to respond to Plaintiff's show cause motion by December 10, 2021, and warned that "[s]hould Defendants fail to comply with this Order, they will be subject to civil contempt and appropriate sanctions, including default judgment as well as costs and fees related to their failure to appear for depositions." *Id*.

14. On December 16, 2021, the day before the show cause hearing, Kristina Wright entered her appearance as counsel for Defendants. *See* Dkt. #41. Counsel for Defendants did not contact Plaintiff's counsel prior to the hearing or file a written response to Plaintiff's motion. At the hearing, counsel for Defendants argued, without any supporting evidence, that within the last month one of the deponents experienced a mental health crisis that required outpatient treatment and that Chavez' administrative assistant resigned. She also noted that Defendants' former counsel withdrew. These were the only explanations provided to excuse Defendants' failure to comply with the Court's orders.

15. Plaintiff's counsel argued that Defendants' explanations were more of the same pattern of ongoing behavior that they have exhibited in this litigation and since the Department of Labor, Wage and Hour Division's ("WHD") investigation opened in February 2019, including: Defendants' failure to attend the initial conference scheduled by WHD after asking that it be rescheduled on several occasions; the litany of medical and personal excuses provided by Ms. Chavez to justify Chavez' failure to produce documents, attend meetings, and otherwise cooperate with the WHD's investigation;[2] an incident with Ms. Chavez that resulted in the WHD requesting

---

[2] Plaintiff's counsel explained at the October 12, 2022 Status Conference that Ms. Chavez is an owner and the manager of Chavez and she was the corporate representative during the WHD investigation. Plaintiff's counsel stated that to avoid cooperation with the 2019 WHD

a police escort to serve an administrative subpoena for records on Chavez due to Ms. Chavez' refusal to accept a subpoena or provide records; and Plaintiff's counsel's dealings with at least four prior attorneys for Chavez who all expressed a desire to resolve the issues in dispute only to withdraw as counsel shortly thereafter.

16. None of these allegations were refuted by Defendants at the show cause hearing. They also were not refuted by Defendants' former counsel when raised by Plaintiff at a prior hearing. The Court also notes the representation from Plaintiff's counsel that none of the medical documentation provided to Plaintiff to date supports a finding that Ms. Chavez is medically incapacitated or unable to attend a deposition. To the contrary, the only medical documentation produced by Defendants indicates that one of the Defendants may have mental health issues. This representation was also undisputed by Defendants.

17. Given Defendants' failure to file a written response or to present any evidence in response to Plaintiff's motion, the Court found that Defendants failed to show cause why they should not be sanctioned, including entry of default judgment, for ignoring numerous Court orders and failing to appear for scheduled depositions without good cause. *See* Dkt. #42 (Courtroom Minutes).

**B.**  **Legal Standard**

To prove civil contempt, Plaintiff must show by clear and convincing evidence that: (1) a valid court order existed; (2) the defendants had knowledge of the order; and (3) the defendants disobeyed the order. *Reliance Ins. Co. v. Mast. Constr. Co.,* 159 F.3d 1311, 1315 (10th Cir. 1998);

---

investigation, Ms. Chavez claimed on various occasions that she was in the hospital, fell down stairs, was involved in a car accident, was not feeling well, had a blood clot in her leg preventing her from being able to drive, and she was unable to sit in a meeting with the WHD due to a prior aneurysm rupture and torn rotator cuff, among other things.

*see also F.T.C. v. Kuykendall*, 371 F.3d 745, 756–57 (10th Cir. 2004). The Court has wide discretion in fashioning an equitable remedy for civil contempt. *See e.g., Rodriguez v. IBP, Inc.,* 243 F.3d 1221, 1231 (10th Cir. 2001) ("A district court may exercise broad discretion in using its contempt power to assure compliance with its orders."). The measure of the court's power in civil contempt proceedings is determined by the requirements of full remedial relief. *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 193 (1949). "Sanctions in civil contempt proceedings may be employed for either or both of two purposes: to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained." *Local 28 of Sheet Metal Workers' Int'l Ass'n v. EEOC,* 478 U.S. 421, 443 (1986). Where compensation is intended, it must be based upon evidence of complainant's actual loss. *U.S. v. United Mine Workers of Am.*, 330 U.S. 258, 303 (1947). When the public interest is involved, the court's equitable powers assume an even broader and more flexible character. *AT&T Broadband v. Tech Commc'ns, Inc.,* 381 F.3d 1309, 1316 (11th Cir. 2014).

In addition, Rule 37(d)(1)(A) of the Federal Rules of Civil Procedure permits a court to order sanctions where a party or party's officer, director, or managing agent fails, after being served with proper notice, to appear for his deposition, in addition to reasonable expenses, including attorney's fees, caused by the failure. Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi), including default judgment. Fed. R. Civ. P. 37(d)(3).

Before awarding a default judgment, courts must balance five factors: (1) the degree of actual prejudice to the moving party, (2) the amount of interference with the judicial process, (3) the culpability of the litigant, (4) whether the Court had warned the disobedient party in advance that its actions could result in judgment against it, and (5) the efficacy of lesser sanctions. *See Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992); *Klein-Becker USA,*

*LLC v. Englert*, 711 F.3d 1153, 1159–60 (10th Cir. 2013) (applying the *Ehrenhaus* test to a default judgment imposed under Rule 37). "Courts disfavor default judgments because 'the court's power is used to enter and enforce judgments regardless of the merits of the case, purely as a penalty for . . . procedural error[s].'" *Pinon v. Watkins*, No. 12-cv-0209 RB/RHS, 2012 WL 13076242, at *1 (D.N.M. Aug. 6, 2012) (quoting *Cessna Fin. Corp. v. Bielenberg Masonry Contracting Inc.*, 715 F.2d 1442, 1444 (10th Cir. 1983)). "[D]efault judgment must be 'viewed as available only when the adversary process has been halted because of an essentially unresponsive party.'" *Id.* (quoting *Cessna Fin. Corp.*, 715 F.2d at 1444). It "should be used only when a party's noncompliance is due to 'willfulness, bad faith, or any fault of the [disobedient party]' and not when a party is unable to comply with a discovery order." *Klein-Becker USA, LLC*, 711 F.3d at 1159 (alteration in original) (quoting *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 640 (1976)).

### C.     Findings

Isabel and Rigoberto Chavez are the owners of Chavez and it is undisputed that Ms. Chavez is the primary manager in charge of the day-to-day operations.[3] Mr. Chavez failed to appear at his deposition properly noticed for September 20, 2021. He then failed to appear at a Status Conference set by this Court on October 12, 2021, despite this Court's September 24, 2021 Order directing him to be present. The Court then ordered Mr. Chavez to appear for deposition testimony on November 16, 2021, as noticed by Plaintiff. Once again, Mr. Chavez failed to appear.

The same is true for Ms. Chavez, who also ignored the Court's order to appear at the October 12, 2021 Status Conference. Ms. Chavez and Defendant Chavez Construction also failed

---

[3] Ms. Chavez owns 51% and Mr. Chavez owns 49% of Chavez. Although Ms. Chavez is the primary manager, Plaintiff alleges that Mr. Chavez also performs management functions. *See* Dkt. 1 ¶¶ 3–4. Defendants dispute the degree of such functions. *See* Dkt. #11 ¶¶ 3–4.

to appear for deposition testimony on November 16–17, despite this Court's order to appear and proper notices served on Ms. Chavez, including a Rule 30(b)(6) notice for the corporate Defendant. In addition, Defendants failed to comply with this Court's orders to obtain new counsel by November 2, 2021 and to cure numerous discovery deficiencies by November 9, 2021.

Finally, on November 19, 2021, the Court ordered Defendants to show cause, if any exists, why they have failed to comply with the courts orders. Dkt. #39. Defendants were directed to respond to Plaintiff's show cause motion by December 10, 2021—which they failed to do—and to appear to show cause on December 17, 2021. Defendants' new attorney entered an appearance on December 16, 2021 and attended the show cause hearing the next day. However, Defendants did not respond to Plaintiff's motion and they did not produce witnesses or exhibits, or any evidence for that matter, to show cause why they have failed to appear at depositions and why they repeatedly flouted the Court's orders.

Given these facts, the Court finds Defendants should be held in contempt of court and that sanctions are appropriate under Rule 37(d)(3). Defendants have had numerous opportunities to appear at depositions and Court proceedings and they have failed to take any action to participate in discovery and defend this case. Therefore, default judgment is an appropriate sanction for Defendants' contempt of court, including their failure to appear for depositions. *See* Fed. R. Civ. P. 37(d)(3); *see also Chavez v. Morales*, 2020 WL 4035179, at *3 (D.N.M. July 17, 2020) (recommending that default judgment be entered against a defendant who twice failed to appear for his deposition). The *Ehrenhaus* factors weigh in favor of granting default judgment: Defendants' failure to respond to written discovery and appear for depositions is highly prejudicial to Plaintiff. The failure to comply with Court orders without cause amounts to significant interference with the judicial process. Defendants' conduct can only be construed as willful and

9

intentional, particularly in light of their inability to show cause for their repeated failures to comply with Court orders. The Court has warned Defendants that their failure to comply with Court orders, including to appear at depositions, and inability to show cause could result in judgment against them. Finally, there is no reason to believe that any lesser sanctions would be effective. *See Chavez,* 2020 WL 4035179 at *3–4. All five factors weigh in favor of the entry of default judgment.

Based on the foregoing, it is respectfully **RECOMMENDED** that:

(1) Defendants be held in contempt;

(2) Default Judgment be Ordered against Defendants;

(3) An Injunction be Ordered against Defendants pursuant to section 17 of the Fair Labor Standards Act permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants, from violating sections 6, 7, 11(c), 15(a)(2), and 15(a)(5) of the FLSA;

(4) Plaintiff be awarded damages and costs. Within 21 days of the entry of Default Judgment, Plaintiff will submit evidence supporting his claim for damages and costs along with a proposed Injunction enjoining Defendants from future violations of the Fair Labor Standards Act;[4]

---

[4] The district court is not required to receive evidence on the claimed damages amount before entering default judgment where the amount claimed is a liquidated sum or one capable of mathematical calculation. *Marcus Food Co. v. DiPanfilo*, 671 F.3d 1159, 1172 (10th Cir. 2011). Pursuant to Rule 55, a district court may choose to conduct a hearing in its discretion if it believes that additional investigation or evidence is necessary. *Id*. Here, Plaintiff seeks back wages and an equal amount of the back wages as liquidated damages owed to 41 employees for the time period of March 5, 2017 to April 22, 2019 and any additional amounts that may be found due up to the day of trial. *See* Dkt. #1. The determination of the amount of claimed wages and liquidated damages owed to employees for certain time periods is capable of mathematical computation. Thus, Plaintiff will submit evidence of its damages calculations within 21 days of the entry of default judgment.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, *Thomas v. Arn*, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Dated: January 10, 2022

_____
N. Reid Neureiter
United States Magistrate Judge