**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 21-cv-00779-RM-NRN

MARTIN J. WALSH,
SECRETARY OF LABOR,
UNITED STATES DEPARTMENT OF LABOR,

    Plaintiff,

v.

CHAVEZ CONSTRUCTION, INC., a Colorado corporation,
ISABEL CHAVEZ, individually, and
RIGOBERTO CHAVEZ, individually,

    Defendants.

---

## ORDER
---

This matter is before the Court following this Court's Order adopting the recommendations of Magistrate Judge N. Reid Neureiter and granting a default judgment against Defendants Chavez Construction, Inc., Isabel Chavez, and Rigoberto Chavez (together, "Chavez Construction"). (ECF No. 46.) That recommendation stemmed from Chavez Construction's repeated failures to comply with Orders of the Court, to respond appropriately to discovery requests, and to appear for their depositions. As a result of Chavez Construction's refusal to cooperate in the litigation process, Plaintiff, the Secretary of Labor, filed a Motion for an Order to Show Cause. (ECF No. 37.) Judge Neureiter issued an Order to Show Cause Why Defendant's Should not be Sanctioned for Failing to Comply with the Court's Orders on November 19, 2021. (ECF No. 39.) Defendants failed to file a written response. The Court held a Show Cause Hearing on December 17, 2021, at which Defendants were represented by counsel. (ECF No. 42.)

Nevertheless, Judge Neureiter concluded that they had failed to present any evidence in response to the Secretary's motion and therefore found that they had failed to show cause why they should not be sanctioned. Despite having been advised that they could object within 14 days, Chavez Construction did not do so.

This Court then adopted Judge Neureiter's thorough and well-reasoned recommendation, held Chavez Construction in contempt, and granted the Default Judgment. (ECF No. 46.) In that Order, the Court also granted damages and costs to the Secretary of Labor and instructed him to submit evidence supporting his claim for damages and costs, along with a proposed Injunction, within 21 days of the Default Judgment. The Secretary has now done so.

Actual proof must support any default judgment for money damages. *See Klapprott v. United States*, 335 U.S. 601, 611–12 (1949). This rule prevents a plaintiff who obtains a default judgment from receiving more in damages than is supported by actual proof. *See id.*, 335 U.S. at 611–12. Further, pursuant to Fed. R. Civ. P. 54(c), "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." In some situations, that proof is provided in a hearing; however, the Court may enter a default judgment without a hearing if the amount claimed is "a liquidated sum or one capable of mathematical calculation." *Hunt v. Inter–Globe Energy, Inc.*, 770 F.2d 145, 148 (10th Cir. 1985).

The Secretary's complaint, brought to enforce the provisions of the Fair Labor Standards Act ("FLSA") and to recover back pay and liquidated damages for certain of Chavez Construction's employees as well as to obtain injunctive relief, alleged that Chavez Construction had violated the minimum wage requirements of the FLSA as well as its overtime provisions and the record keeping requirements. (ECF No. 1.)

Pursuant to the FLSA, an employer who violates the minimum wage and overtime provisions is "liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).  Liquidated damages must be awarded under the FLSA "unless the employer demonstrates that he acted in good faith and had 'reasonable grounds' for believing that its acts did not violate the FLSA." *Carazani v. Zegarra*, 972 F.Supp.2d 1, 23 (D.D.C. 2013) (quoting *D'Camera v. Dist. of Columbia*, 722 F.Supp. 799, 800 (D.D.C. 1989)).  In this case, by virtue of its total failure to participate in the proceedings, Chavez Construction has clearly failed to demonstrate that it acted in good faith when it violated the FLSA.

An employee, who is obligated to prove the amount of damages owed on a claim for a violation of the minimum wage or overtime requirements of the FLSA, can easily satisfy that burden if the employer has maintained proper and accurate records. *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686-87 (1946) (superseded by statute on other grounds as recognized in *Integrity Staffing Solutions, Inc. v. Busk*, 574 U.S. 27, 31-33 (2014)).  An employer, however, who has failed to maintain records, (as expressly required by the FLSA), "cannot be heard to complain that the damages lack the exactness of precision of measurement that would be possible had he kept records in accordance with the requirements of § 11(c)" of the FLSA. *Id.* at 688.  Instead, "an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Id.* at 687.

In this case, despite Chavez Construction's failure to keep the required records, the Secretary has provided ample evidence in the form of an affidavit and attached supporting

3

documents prepared by Wage Hour Investigator Joyce Rubio of the Department of Labor's Wage Hour Division. (ECF No. 49.) Investigator Rubio explains clearly and in detail the steps taken to ascertain the amounts owed to Chavez Construction's employees, including amounts due for minimum wage violations and for unpaid overtime. Investigator Rubio broke employees into three groups—those for whom time and pay records exist, those for whom incomplete time and pay records exist, and those for whom no such records exist. The Court has reviewed the documentation and affidavit and concludes that Investigator Rubio presented sufficient information to allow for "just and reasonable inferences" to be made regarding the amount of work performed.

Based on the evidence provided, the Court finds that Chavez Construction owes $1,416.87 in back wages for minimum wage violations, and $1,416.87 in liquidated damages for the same, for a total of $2,833.74. The Court finds that Chavez Construction owes $76,677.89 in back wages for overtime violations and the same amount, $76,677.89, in liquidated damages for a total of $153,355.78. In total, therefore, Chavez Construction owes $156,189.52 in damages.

The Court also previously concluded that the Secretary is entitled to recover the costs expended in this action and, based on the declaration provided finds that the total amount owed for costs is $735.00.

In accordance with the foregoing, the Court:

(1) AWARDS Plaintiff:

    i. Damages - $156,189.52; and

    ii. Costs - $735.00; and

(2) ORDERS that, pursuant to 28 U.S.C. § 1961, post-judgment interest shall run from today on the amounts awarded herein until the date of payment.

The Court further PERMANENTLY ENJOINS Defendants from violating any provisions of the Fair Labor Standards Act, including the minimum wage, overtime, record-keeping, and retaliation provisions, 29 U.S.C. §§206, 206, 211(c), 215(a)(2)-(5).  Specifically, the Court ORDERS that:

(1) Defendants shall not, contrary to sections 6 and 15(a)(2) of the Fair Labor Standards Act, pay any of their employees, who in any workweek are engaged in commerce or in the production of goods for commerce, within the meaning of the Fair Labor Standards Act, wages at a rate less than $7.25 per hour (or at a rate less than such other applicable minimum rate as may hereafter be established by amendment of the Fair Labor Standards Act);

(2) Defendants shall not, contrary to sections 7 and 15(a)(2) of the Fair Labor Standards Act, employ any non-exempt employees in commerce or in the production of goods for commerce or in any enterprise engaged in commerce or the production of goods for commerce, within the meaning of the Fair Labor Standards Act, for workweeks longer than forty (40) hours without compensating such non-exempt employees for their employment in excess of forty (40) hours per workweek at rates not less than one and one-half times the regular rates at which they are employed;

(3) Defendants shall not, contrary to sections 11(c) and 15(a)(5) of the Fair Labor Standards Act, fail to make, keep, and preserve adequate and accurate records of their non-exempt employees, and of the wages, hours, and other conditions and practices of employment as prescribed by the regulations issued and from time to time amended pursuant to section 11(c) of the Fair Labor Standards Act (29 C.F.R. Part 516).  Defendants shall make such

records available at all reasonable times to representatives of the Plaintiff. Defendants shall not alter, edit, or destroy any time or payroll records; and

(4) Defendants shall not, contrary to section 15(a)(3) of the Fair Labor Standards Act, in any way discriminate, retaliate, or take any adverse employment action, or threaten or imply that adverse action will be taken, against any employee who exercises or asserts his or her rights under the Fair Labor Standards Act (including, without limitation, providing information to any public agency investigating compliance with the Fair Labor Standards Act, filing any complaint or instituting or causing to be instituted any proceeding under or related to the Fair Labor Standards Act, testifying or preparing to testify in any such proceeding, or serving or preparing to serve on an industry committee).

Violation of any paragraph herein may subject Defendants to equitable and legal damages, including civil contempt. The Court ORDERS that the Clerk shall CLOSE this case.

DATED this 6th day of April, 2022.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge